IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Petitioner, | : |
| v. | : Civil No. 12-_____ |
| HAROLD D. VICENTE, and<br>LUZ IRAIDA GONZALEZ-TURULL, | : |
| Respondents. | : |

PETITION TO ENFORCE INTERNAL REVENUE SUMMONSES

PETITIONER United States of America, by its undersigned attorney, and for its petition against respondents states as follows:

1. This proceeding is brought pursuant to 26 U.S.C. §§ 7402(b) and 7604(a) to judicially enforce two Internal Revenue Service summonses.

2. The Court has subject matter jurisdiction pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), and 28 U.S.C. §§ 1340 and 1345.

3. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(b) and 1396.

4. Petitioner is the United States of America.

5. Edwin Morales is a duly commissioned Revenue Agent employed in the Office of the Area Director, Large Business & International Division, Internal Revenue Service ("Service"), in Guaynabo, Puerto Rico. He has an office address at

City View Plaza II, Suite 2000, 48 Road 165 KM 1.2, Guaynabo, Puerto Rico.  He is authorized to issue Internal Revenue Service summonses under 26 U.S.C. § 7602, and 26 C.F.R. § 301.7602-1.

6. Agent Morales is assigned to examine the federal income tax liabilities of Conchita Gonzalez.

7. Respondent Harold Vicente ("Vicente") is an attorney, and has an address at Capital Center Building -PH 1, Suite 1201, 239 Arterial Hostos, Hato Rey, Puerto Rico 00918.  Vicente is counsel for Conchita Gonzalez, and has represented himself as such in communications with the Internal Revenue Service.  Vicente is subject to the jurisdiction of the Court.

8. Respondent Luz Iraida Gonzaelz-Turull ("Gonzalez-Turull") is an attorney, and has an address at Capital Center Building -PH 1, Suite 1201, 239 Arterial Hostos, Hato Rey, Puerto Rico 00918.  Gonzalez-Turull is also counsel for Conchita Gonzalez, and has represented herself as such in communications with the Internal Revenue Service.  Gonzalez-Turull is subject to the jurisdiction of the Court.

9. The Service is examining Conchita Gonzalez ("the taxpayer"). The purpose of the examination is to determine whether the taxpayer owes federal income taxes for tax years 1999 through 2009.  More specifically, the Service is trying to ascertain whether the taxpayer had income from sources outside of Puerto Rico,

-2-

whether she had obligations to file federal income tax and federal information returns, and whether the taxpayer owes federal income taxes for the years under examination.

10.   As of the date of this petition, no "Justice Department referral" is in effect with respect to the taxpayer.  More specifically, no recommendation has been made by the Service to the Department of Justice for a grand jury investigation or criminal prosecution of the taxpayer for the years under investigation.  Moreover, the Department of Justice has not made any request under 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information (as those terms are defined in the Internal Revenue Code (26 U.S.C. § 6103(b)) relating to the taxpayer.

11.   The examination of the taxpayer incorporates information disclosed through the July 17, 2008 U.S. Senate Permanent Subcommittee On Investigations Staff Report, entitled "Tax Haven Banks and U.S. Tax Compliance" (the "Senate Report").[1]  One of the subjects disclosed in the Senate Report is the offshore dealings of Conchita Gonzalez, with Liechtenstein entities (foundations and corporations).   The Senate Report details how the Liechtenstein entities were used to conceal and control assets, including cash.  (Senate Report at 7, 59-64.)  Some of the information in the Senate

---

[1] July 17, 2008 Senate Permanent Subcommittee On Investigations Report, entitled "Tax Haven Banks and U.S. Tax Compliance," (the "Senate Report"), at 7, 59-64  (discussing the taxpayers) (publicly available at http://hsgac.senate.gov/public/_files/071708PSIReport.pdf)).

Report is drawn from federal civil litigation that was initiated in Puerto Rico.[2] The Senate Report specifically notes that on or about September 11, 2001, Conchita Gonzalez met with a private banker of LGT Bank of Liechtenstein, Ltd. ("LGT Bank") to discuss the disposition of over $1 million, control of several Liechtenstein entities including foundations, and properties located abroad titled in the name of these entities. (Senate Report at 62 n.264 (citing LGT Memorandum).) According to the Senate Report, at the end of 2001, a Liechtenstein entity (Foundation Tragique) controlled by the taxpayer had assets with a combined value of about $4.5 million. (Senate Report at 60 & n.243.)

12. In or about November 2009, Conchita Gonzalez disclosed to the Service that she, as a beneficiary of a Liechtenstein entity, had signatory authority over a foreign bank account titled in the name of that entity for years 2003-2008. The bank account was maintained at LGT Bank.

13. The Service seeks to contact Conchita Gonzalez to arrange for an interview and to obtain documents from her regarding the matters referred to above. But the Service has been unable to contact Conchita Gonzalez: the Service has been unable to verify her current address.

14. In furtherance of the Service's examination of Conchita

---

[2] *See* Senate Report at 60-62 & nn. 244-247, 250-260 (citing *Perez v. Volvo*, 247 F.3d 303 (1st Cir. 2001); *Bonilla v. Volvo Car Corp.*, 150 F.3d 62 (1st Cir. 1998); *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77 (1st Cir. 1998)).

Gonzalez, under 26 U.S.C. § 7602, on March 24, 2010, the Service issued two summonses: one to Vicente and one to Gonzalez-Turull (who work at the same firm), copies of which are attached as Exhibits A and B respectively to the February 6, 2012 declaration of Agent Morales (filed herewith). The summonses directed respondents to appear on April 21, 2010, at 9:30 a.m., at an IRS Office in San Juan for: (i) the purpose of giving testimony, and (ii) producing for examination:

> "All records of communications with Conchita Gonzalez reflecting her addresses, physical locations or other contact information from the date of retainer on the income examination on 2003 to 2008 (per the Form 2448 - Power of Attorney and Declaration of Representative) up to the date of compliance with the summons, including but not limited to:
>
> 1. retainer agreements,
> 2. client ledger cards,
> 3. correspondence,
> 4. facsimiles,
> 5. notes of telephone conversations."

15. The summonses referred to in paragraph 14 above expressly state, however, that respondents "may redact from responsive documents all matter[s] reflecting the substance of confidential communications, but are required to produce all portions of responsive documents reflecting addresses and telephone numbers, or other contact information."

16. In accordance with 26 U.S.C. § 7603, on March 24, 2010, the Service served each summons on the respondent to whom it was addressed by certified mail, return receipt requested, and sent copies by certified mail, return receipt, to Conchita Gonzalez

at a post office box address in Puerto Rico. The green receipts were signed and returned.³ Each respondent failed to appear on April 21, 2010, and no documents have been produced.

17. The Internal Revenue summonses (Exs. A and B to the February 6, 2012 Morales Declaration) to respondents seek relevant information about Conchita Gonzalez, including her current address and whereabouts. By locating Conchita Gonzalez, the Service seeks to issue a summons to her for an interview or seek an interview through treaty processes, and to obtain documents regarding the matters outlined above. In addition, the Service seeks to ascertain what happened to the $4.4 million and other assets referred to in the Senate Report since that information may also shed light on whether Conchita Gonzalez has federal tax liabilities and/or was required to file federal information returns.

18. On July 14, 2010, the Service received information under an income tax treaty between the United States and Spain that Conchita Gonzalez had an address at Calle Fortuny, 3, Piso 5, 28010, Madrid, Spain. On July 19, 2010, the Service wrote to respondents seeking to determine whether the address obtained under the treaty is in fact her current address. Respondents have declined to respond.

19. The Service also interviewed the taxpayer's son (Ricardo Gonzalez

---

³It is unknown who signed the receipts for Conchita Gonzalez.

Navarro) and his wife (Clara Alonso Quintero ) on December 6, 2011 in connection with its examination of Conchita Gonzalez.  Neither the taxpayer's son nor his wife provided the Service with an address for the taxpayer.

20. Accordingly, the books, papers, records, or other data sought by the summonses are not already in the possession of the Internal Revenue Service.

21. All administrative procedural steps required by the Internal Revenue Code of 1986 (26 U.S.C.) (as amended) for enforcement of the summonses have been followed.

COUNT I [AS AGAINST RESPONDENT HAROLD VICENTE]

22. The United States repeats each and every allegation set forth in paragraphs 1 through 21 above.

23. By reason of the foregoing, the summons issued to Vicente, and attached as Exhibit A to the February 6, 2012 declaration of Agent Morales (filed herewith), should be enforced.

WHEREFORE, the petitioner respectfully prays for the following relief against respondent Harold Vicente on count I of this petition:

A. That the Court issue an order directing the respondent Harold Vicente to show cause, if any, why he should not comply with and obey the aforementioned summons issued to him and each and every requirement thereof;

B. That the Court include in its order, referred to above, authorization for

Agent Morales or any other IRS agent to serve respondent Harold Vicente with that order, along with a copy of this petition and the declaration of Agent Morales;

  C. That the Court enter a separate order directing the respondent Harold Vicente to obey the aforementioned summons, Exhibit A to the February 6, 2012 Morales declaration, and each and every requirement thereof by ordering his attendance and the production of the books, papers, records, and other documents, and testimony as required and called for by the terms of the summons, before Revenue Agent Morales or any other proper officer or employee of the Internal Revenue Service, at such time and place as may be fixed by Agent Morales, or any other proper officer or employee of the Internal Revenue Service;

  D. That the Court award the United States its costs incurred in maintaining this action; and

  E. That the Court grant the United States such other relief as is it deems just and proper.

## COUNT II [AS AGAINST LUZ IRAIDO GONZALEZ-TURULL ]

  24. The United States repeats each and every allegation set forth in paragraphs 1 through 21 above.

  25. By reason of the foregoing, the summons, attached as Exhibit B to the February 6, 2012 declaration of Agent Morales (filed herewith), that was issued to Luz Iraida Gonzalez-Turull should be enforced.

WHEREFORE, the petitioner respectfully prays for the following relief against Luz Iraida Gonzalez-Turull on count II of this petition:

A. That the Court issue an order directing the respondent Luz Iraida Gonzalez-Turull to show cause, if any, why she should not comply with and obey the aforementioned summons issued to her and each and every requirement thereof;

B. That the Court include in its order, referred to above, authorization for Agent Morales or any other IRS agent to serve respondent Luz Iraida Gonzalez-Turull with that order, along with a copy of this petition and the declaration of Agent Morales;

C. That the Court enter a separate order directing the respondent Luz Iraida Gonzalez-Turull to obey the aforementioned summons, Exhibit B to the February 6, 2012 Morales declaration, and each and every requirement thereof by ordering his attendance and the production of the books, papers, records, and other documents, and testimony as required and called for by the terms of the summons, before Revenue Agent Morales or any other proper officer or employee of the Internal Revenue Service, at such time and place as may be fixed by Agent Morales, or any other proper officer or employee of the Internal Revenue Service;

D. That the Court award the United States its costs incurred in maintaining this action; and

E. That the Court grant the United States such other relief as is it deems just and proper.

Dated: February 6, 2012.               Respectfully submitted,

                                            ROSA E. RODRIGUEZ-VELEZ
                                            United States Attorney

                                            JOHN A. DiCICCO
                                            Principal Deputy Assistant
                                            Attorney General

                                            */s/ Charles M. Flesch*
                                            CHARLES M. FLESCH
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, D.C. 20044
                                            Telephone:   (202) 307-6635
                                            Facsimile:     (202)  514-6866
                                            E-mail:  charles.m.flesch@usdoj.gov
                                            USDC P.R. Bar No. G00314